| Case No. | **CV 19-250-DMG (PLAx)** | Date | June 11, 2019 |
|---|---|---|---|

| Title | ***Johnny Cruz v. Wal-Mart Associates, Inc., et al.*** | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [13]**

On October 31, 2018, Plaintiff Johnny Cruz filed a Complaint in Los Angeles County Superior Court against Defendants Wal-Mart Associates, Inc. and Walmart Inc., alleging a single cause of action for civil penalties under California's Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). Removal Notice, Ex. A at 3–37 [hereinafter "Complaint"] [Doc. # 1-1].[1] On January 11, 2019, Defendants removed the action on the basis of this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). *See* Removal Notice at 1–2 [Doc. # 1]. On February 18, 2019, pursuant to the parties' stipulation [Doc. # 10], Plaintiff filed a First Amended Complaint that once again alleges a single PAGA cause of action for civil penalties against Defendants. [Doc. # 12.]

On March 4, 2019, Plaintiff filed the instant Motion to Remand ("MTR"). [Doc. # 13.] The MTR has since been fully briefed. [Doc. ## 16, 17.] Having duly considered the parties' written submissions, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this matter to Los Angeles County Superior Court for lack of subject matter jurisdiction.

**I.**
**LEGAL STANDARD**

Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

If a plaintiff challenges jurisdiction after removal and the complaint itself does not specify a particular amount of damages, then the removing defendant bears the burden of

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

| Case No. | **CV 19-250-DMG (PLAx)** | Date | June 11, 2019 |
| --- | --- | --- | --- |

| Title | *Johnny Cruz v. Wal-Mart Associates, Inc., et al.* | Page | 2 of 6 |
| --- | --- | --- | --- |

establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[2] *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant cannot discharge this obligation by merely advancing "conclusory allegations." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Furthermore, "[a] complete lack of evidence does not satisfy this standard." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). Additionally, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction" such that there is a "strong presumption" against such jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

## II.
## DISCUSSION

    Among other things, the parties dispute whether Section 1332(a)'s amount-in-controversy requirement has been satisfied. Although Plaintiff filed a First Amended Complaint, this Court is obligated to review the original Complaint to determine whether this matter should be remanded to state court. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[W]hen the amount in controversy is satisfied at removal, any subsequent amendment to

---

[2] Defendants argue that Plaintiff's MTR must be denied because he did not offer any evidence in support of the motion and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), states that "both sides submit proof" if a plaintiff challenges a removing defendant's allegation regarding the amount in controversy. *See Dart*, 135 S. Ct. at 553–54; Opp'n at 14. Defendants are mistaken. *Dart* merely describes in a generalized fashion the process by which a district court "decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *See Dart*, 135 S. Ct. at 553–54. *Dart* does not abandon the longstanding principle that "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, *and the burden of establishing the contrary rests upon the party asserting jurisdiction.*" *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added) (citations omitted). Yet, Defendants' approach would violate that principle by requiring Plaintiff to make a *prima facie* evidentiary showing that the Court lacks subject matter jurisdiction. For that reason, the Court is not persuaded by the unpublished district court dispositions upon which Defendants rely. *See Unutoa v. Interstate Hotels & Resorts, Inc.*, No. CV 14-09809-SVW (PJWx), 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (concluding that removal was "proper where plaintiff did not contest the veracity of defendant's allegations regarding the amount in controversy and instead asserted only that the allegations lacked sufficient evidentiary support" (citing *Roa v. TS Staffing Servs., Inc.*, No. CV 14-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015)). In fact, one of the unpublished orders cited by Defendants does not even support their position. *See Sanchez v. HVM/LQ Mgmt.*, No. SA CV 11-0123-AG (PJWx), 2011 WL 13227958, at *2–4 (C.D. Cal. Mar. 8, 2011) (denying a motion to remand because the defendant offered evidence to support its amount-in-controversy calculations and the plaintiff "provide[d] no countervailing evidence"). Therefore, the Court rejects this argument.

---

| Case No. | **CV 19-250-DMG (PLAx)** | Date | June 11, 2019 |
|---|---|---|---|

| Title | ***Johnny Cruz v. Wal-Mart Associates, Inc., et al.*** | Page | 3 of 6 |
|---|---|---|---|

the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction."). In fact, each party's briefing proceeds on that assumption. *See, e.g.*, MTR at 16 (asserting that Defendants may not include unpaid wages recoverable under Cal. Lab. Code § 558(a)(3) in the amount-in-controversy calculation because "[t]he Complaint does not seek any unpaid wages under section 558(a)(3)"); Opp'n at 16 (calculating the number of pay periods by relying on allegations made in the original Complaint). Accordingly, Defendants must show that the recovery sought by the original Complaint exceeds $75,000, exclusive of interest and costs.

Defendants quantify the amount in controversy as follows: (1) Plaintiff's wage statement penalties under California Labor Code section 226.3 amount to $75,250; (2) Plaintiff's wage statement penalties under California Labor Code section 558(a) amount to $7,550; and (3) Plaintiff seeks the recovery of a penalty of 30 days of unpaid wages under California Labor Code sections 203 and 558(a)(3) in the amount of $3,336. *See* Opp'n at 15–21. As Defendants make no attempt to quantify Plaintiff's other claims for monetary relief, his claim for declaratory relief, or the attorneys' fees he intends to recover, the Court does not take these forms of relief into account when calculating the amount in controversy.[3] *See id.* at 21–24; *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."). Further, for the reasons discussed in this section, the Court finds that Defendants have otherwise failed to establish that the amount-in-controversy exceeds the jurisdictional threshold.

---

[3] With regard to Plaintiff's request for attorneys' fees, Defendants argue that this matter involves "a large number of factual predicates" and "tens of thousands of non-parties who worked for Defendants," Plaintiff's firm "holds itself out as employing top talent" that handle "the most complex and challenging cases against the country's largest corporations," and "Plaintiffs' firms routinely seek significant fees in these sorts of cases." *See* Opp'n at 23. Although Defendants include a citation to two other cases in which attorneys have obtained fees in excess of the jurisdictional threshold, Defendants claim that these cases are analogous simply because they are "wage hour action[s]." *See id.* (citing *Krumbine v. Schneider Nat'l Carriers, Inc.*, No. CV 10-4565-GHK (JEMx), 2013 WL 12209908, at *5 (C.D. Cal. Aug. 6, 2013); *Pichardo v. Silverado Senior Living, Inc.*, Nos. BC5410142, BC547338, BC578135, 2018 WL 3594243, at *4 (L.A. Cty. Superior Court June 15, 2018)). As Defendants have failed to offer *any* calculation of Plaintiff's anticipated attorneys' fees (*e.g.*, a lodestar calculation) or explain why *Krumbine* and *Pichardo* are sufficiently analogous to serve as guideposts on this issue, the Court does not include any attorneys' fee award in its amount-in-controversy computation. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018) ("[W]e require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing *with summary-judgment-type evidence*[.]" (emphasis added)); *Gaus*, 980 F.2d at 566 ("Federal jurisdiction [under the removal statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." (emphasis added)).

| Case No. | **CV 19-250-DMG (PLAx)** | Date | June 11, 2019 |
|---|---|---|---|

| Title | *Johnny Cruz v. Wal-Mart Associates, Inc., et al.* | Page | 4 of 6 |
|---|---|---|---|

Items (1) and (2) above rest on Defendants' assumption that Plaintiff seeks civil penalties for wage statements issued in connection with 76 pay periods. *See* Opp'n at 16–20. Yet, Plaintiff contends that "[t]he Complaint defines the time period covering the allegations as 'any time between one year prior to the filing of this complaint until final judgment.'" *See* MTR at 12 (quoting Compl. at ¶ 1 [Doc. # 1-1]). If the civil penalties sought by the Complaint are temporally limited in this manner, then Plaintiff seeks civil penalties for wage statements associated with no more than 10 pay periods, given that there are approximately 10 biweekly pay periods between October 31, 2017 and March 15, 2018, the latter of which is the date of Plaintiff's termination. *See* Compl. at ¶ 6 ("Defendants employed Plaintiff as an hourly-paid, non-exempt Inventory Associate from April 22, 2015, to November 28, 2016, and an hourly-paid, non-exempt Department Manager from approximately November 29, 2016, to March 15, 2018.") [Doc. # 1-1]; Removal Notice at ¶¶ 23–25 (impliedly assuming that Plaintiff was paid on a biweekly basis) [Doc. # 1]; MTR at 14 n.5 (conceding that Plaintiff was paid on a biweekly basis); Cal. Lab. Code § 226(a) ("An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee . . . an accurate itemized statement in writing . . . ."). If only 10 of Plaintiff's pay periods are at issue, then: (1) the California Labor Code section 226.3 penalties are actually $9,250 (*i.e.*, $250 for the initial violation and $1,000 for the other 9 violations); and (2) the California Labor Code section 558 penalties for wage statements amount to $950 (*i.e.*, $50 for the initial violation and $100 for the other 9 violations).[4] After those civil penalties are added to item (3), the amount in controversy becomes only $13,536.[5]

Consequently, the Court's ruling on the MTR hinges on the temporal scope of the Complaint. The pleading is vague and ambiguous in this regard. The opening paragraph states that "[t]his is an enforcement action under . . . []PAGA[] to recover civil penalties on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly-paid employees . . . against whom one or more

---

[4] *See* Cal. Lab. Code § 226.3 ("Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."); Cal. Cal. Lab. Code § 558(a)(1)–(2) ("Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: . . . For any initial violation, fifty dollars ($50) for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. . . . For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.").

[5] The Court expresses no opinion on whether Defendants accurately calculated item (3) or whether the Complaint in fact seeks the recovery thereof. *See, e.g.*, Reply at 15–16 (disputing both of these claims).

violations . . . were committed . . . at any time between one year prior to the filing of this complaint until judgment . . . ." *See* Compl. at ¶ 1 [Doc. # 1-1]. Further, Plaintiff has a rational strategic reason for restricting the temporal scope of this action as such—*i.e.*, to avoid any litigation regarding PAGA's one-year statute of limitations. *See* Cal. Civ. Proc. Code § 340(a) ("Within one year: . . . [a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation."); *Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1191 (E.D. Cal. 2017) ("The statute of limitations on a PAGA claim is one year."). Nonetheless, certain passages of the Complaint vaguely discuss violations "during" and "throughout" Plaintiff's employment. *See, e.g.*, Compl. at ¶ 6 ("During his employment, Plaintiff typically worked eight (8) hours or more per day, five (5) or more days per week, and forty (40) hours or more per week."); *id.* at ¶ 84 ("[T]hroughout his employment, Plaintiff was frequently not permitted to take full and complete ten (10) minute rest periods, and instead would miss his rest periods or have his rest periods interrupted to meet the store's demands, such as assisting customers.") [Doc. # 1-1]. Additionally, the Complaint alleges that Defendants maintained a policy by which newly-hired employees were required to submit to drug testing and were not reimbursed for their travel expenses relating thereto or compensated for the time spent undergoing testing. *See id.* at ¶¶ 114–17. Although the Complaint alleges that Defendants hired Plaintiff in April 2015 and that Plaintiff was subject to this policy, *see id.* at ¶¶ 6, 116, he claims that allegations regarding "his experiences as a new hire" are merely illustrative of that policy—*i.e.*, he does not seek a civil penalty for an April 2015 drug test. *See* MTR at 14–15. Further, the Complaint does not clarify whether Plaintiff does in fact seek civil penalties for *his* drug test, or whether such penalties are sought only on behalf of *other* aggrieved employees.[6]

In light of the presumption against removal jurisdiction, the Court concludes that Plaintiff seeks civil penalties for only violations occurring between October 31, 2017 and the date of judgment.[7] *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong

---

[6] Specifically, in connection with the drug testing averments, the Complaint alleges that "Plaintiff *and other non-party Aggrieved Employees* are therefore entitled to recover penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 2699(f)-(g)." *See* Compl. at ¶ 117 (emphasis added) [Doc. # 1-1]. This allegation is ambiguous as it lumps Plaintiff and the aggrieved employees together. Consequently, it is unclear whether Plaintiff seeks *all* such relief *for himself*, or whether he instead intends to collect the civil penalties on behalf of other aggrieved employees, and is personally "entitled" to only attorneys' fees and costs. Either interpretation is plausible. *See Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 751 (2018) ("[W]e conclude that PAGA allows an 'aggrieved employee'—a person affected by at least one Labor Code violation committed by an employer—to pursue penalties for all of the Labor Code violations committed by that employer.").

[7] Defendants are in no way prejudiced by the Court's interpretation of the Complaint, as they have secured a judicial admission from Plaintiff that he does not seek civil penalties for violations occurring before

presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus*, 980 F.2d at 566)). It follows that Defendants have failed to show that the amount in controversy is greater than $13,536. Therefore, the Court must remand this matter to Los Angeles County Superior Court for lack of subject matter jurisdiction.[8] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this action to Los Angeles County Superior Court.

IT IS SO ORDERED.

---

October 31, 2017. *See* Reply at 9 ("At the very beginning of the pleading, the Complaint makes clear the applicable timeframe at issue is one-year from the filing of the Complaint to judgment . . . . Thus, the civil penalties recoverable are for violations occurring from one-year prior to the Complaint until judgment as specified."); 32 C.J.S. Evidence § 542 (2012) ("Any deliberate, clear, and unequivocal statement, either written or oral, made in the course of a judicial proceeding, qualifies as a judicial admission. . . . Unless withdrawn, a judicial admission is binding on the parties . . . ." (footnotes omitted)).

[8] Given the Court's disposition of the instant MTR, it need not address the parties' other contentions. *See, e.g.*, MTR at 15, 18 (arguing that Defendants were required to calculate "Plaintiff's pro rata share of attorneys' fees," and that only Plaintiff's—and not the Labor & Workforce Development Agency's—share of the civil penalties may be included in the amount in controversy).